# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:09-CR-475-WSD-CCH-5 |
| JUAN REYNALDO CORDOVA, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge C. Christopher Hagy's Report and Recommendation ("R&R") [174] regarding Juan Reynaldo Cordova's ("Defendant") Supplemental Motion to Suppress Evidence [123] and Second Motion to Suppress Statements [132].

## I. BACKGROUND[1]

On December 17, 2010, the Court issued an Order (the "December 17th Order") granting Defendant's Motion to Suppress Evidence [41].[2] Prior to issuing the December 17th Order, Defendant was allowed to withdraw his initial Motion to

---

[1] The parties have not objected to the facts set out in the R&R and, finding no plain error in them, the Court adopts them.
[2] The factual background and history of this case is laid out in detail in the December 17th Order.

Suppress Statements [40] in light of evidence presented at an evidentiary hearing by the Government.[3]

After the December 17th Order was issued, Defendant filed a Supplemental Motion to Suppress Evidence [123] and Second Motion to Suppress Statements [132]. Defendant seeks to suppress all statements made to law enforcement agents on March 26, March 30, and March 31, 2009, because: (1) they were obtained as a result of evidence the Court found was illegally obtained and must be suppressed as "fruits of the poisonous tree;" (2) they were obtained in violation of his Fifth Amendment rights because all the statements are tainted based on an initial failure to provide warnings as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); and (3) they were not voluntary based on coercive police action in the form of promises of immunity and threats of incarceration. The Government did not oppose the motions with regard to the statements made on March 26, and March 30, 2009, and stated that it would not seek to introduce those statements at trial. (R&R at 7.)

After holding an additional evidentiary hearing and receiving post-hearing briefings from the parties, the Magistrate Judge concluded that Defendant's motions should be considered unopposed and granted regarding the statements made on March 26, and March 30, 2009. He concluded that all the challenged

---

[3] On June 23, 2010, the request to withdraw the Motion to Suppress Statements [40] was granted by the Magistrate Judge [99].

statements should be suppressed as "fruits of the poisonous tree" derived from the illegal search of Defendant's residence on March 26, 2009. The Magistrate Judge considered and rejected Defendant's alternative arguments of Fifth Amendment violations and involuntariness regarding why the statements made on March 31, 2009, should be suppressed. No objections to the R&R were filed by either party.

## II. DISCUSSION

### A. Standard of Review on the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No objections to the R&R have been filed and the Court thus must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Objections were not filed with regard to the findings or recommendations in the R&R [174]. The Court has reviewed the findings and recommendations in the R&R and concluded plain error was not committed in reaching them. The Court specifically agrees, based on the facts here, with the Magistrate Judge's conclusion that the March 31, 2009, statements were obtained over the course of multiple

interrogations with Defendant during which evidence illegally seized on March 26, 2009, was repeatedly used to persuade Defendant that the evidence of his participation in the robberies under investigation was compelling and his involvement conclusively established. It was this illegal evidence that caused Defendant to admit to his involvement. The Court agrees with the Magistrate Judge's well-reasoned conclusion that the March 31, 2009, statements "were 'fruit of the poisonous tree' of the illegal search of [Defendant's] residence on March 26, 2009." (R&R at 33).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's R&R [174].

**IT IS HEREBY FURTHER ORDERED** that Defendant's Supplemental Motion to Suppress Evidence [123] and Second Motion to Suppress Statements [132] are **GRANTED**.

**SO ORDERED** this 2nd day of November, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE